## HOLLOWAY v. HERRYFORD.

1. PETITION: ATTACHMENT: DEMURRER. The allegations in a petition setting forth the causes for an attachment do not constitute a part of the petition proper, and cannot be reached by demurrer.
2. MOTION TO QUASH. If the averments are insufficient to sustain a writ of attachment, a motion to quash is the proper proceeding.
3. INCONSISTENT AVERMENTS: ELECTION. If the averments are inconsistent the plaintiff may be required, on motion, to elect which he will rely upon.
4. SAME. Allegations that defendant has disposed of the whole of his property, with intent to defraud his creditors, and that he had property not exempt from execution, which he refuses to give in payment or security of plaintiff's demand, are not in a legal sense inconsistent.
5. SAME. *It seems* that inconsistent averments in a petition for an attachment will not be fatal unless one shall state facts *necessarily* negatived by the other.

*Appeal from Mills District Court.*

WEDNESDAY, OCTOBER 19.

*J. M. Davis*, for the appellant.

*D. W. Price*, for the appellee.

WOODWARD, J.—In an action on promissory notes, the plaintiff, in his principal petition, also stated the causes upon which he prayed an attachment. The first of these was, that the defendant had disposed of the whole of his property with intent to defraud his creditors; and the second

was, that the defendant had property, money, goods, lands and choses in action, not exempt from execution, which he refused to give, either in payment or security of the plaintiff's demand. The defendant demurred, assigning as cause, that the above two grounds alleged for the attachment, are inconsistent and contradictory, and cannot both be true. The court sustained the demurrer, and directed the plaintiff to elect upon which of the averments, or grounds, he would stand.

A demurrer is not the proper mode of reaching a matter of this kind. These averments do not constitute a part of the petition *proper*, which is that which sets out the cause of action, and it is this only which a demurrer reaches. A motion to quash, if the averments are insufficient, or that the plaintiff elect, in a case like the present, is the correct proceeding. But, regarding the demurrer as a motion, we do not think these causes are inconsistent in such a sense as to drive the plaintiff to an election. Taken literally, they seem contradictory, it is true; but it is also true, that if the defendant has conveyed his property to defraud his creditors, the transaction is voidable by those creditors, and there is an interest remaining in him such as they might attach. Again, he may have had property at one time, and afterward have disposed of it to defraud. In these legal senses, the two allegations may stand together, and the plaintiff was entitled to the facts on either ground or in either sense. And we are not prepared to hold that an inconsistency would be fatal, unless the averment of one state of facts *necessarily* negatived the existence of the other.

The order of the District Court is therefore reversed.